## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **CHRISTOPHER SIMMLER,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:19-cv-01009-RJS-JCB** |
| **SEAN D. REYES, et al.,** | **Chief District Judge Robert J. Shelby** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M.

Warner under 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, this case is now

referred to Magistrate Judge Jared C. Bennett.[2] Under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P.

12(b)(6), Defendants State of Utah, Sean D. Reyes ("Mr. Reyes"), and Tyson Downey ("Mr.

Downey") (collectively, "Defendants") moved to dismiss this action.[3] The court has carefully

reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court

concludes that oral argument is not necessary and, therefore, decides the motion on the written

---

[1] ECF Nos. 5-6.

[2] ECF No. 21.

[3] ECF No. 17.

memoranda.[4] Based upon the analysis set forth below, the court recommends granting

Defendants' motion to dismiss and dismissing this action with prejudice.

**BACKGROUND**[5]

The genesis of Mr. Simmler's complaint in this action is Salt Lake District Attorney Sim

Gill's ("Mr. Gill") October 4, 2017 finding that the use of deadly force by a peace officer was

justified in the death of Patrick Harmon ("Mr. Harmon").[6] In January 2018, Mr. Simmler sent a

letter to the presiding judge of the Utah Third District Court accusing Mr. Gill of wrongdoing in

making the aforementioned finding and requesting that Mr. Gill be removed from office under

Title 77, Chapter 6 of the Utah Code, which governs removal of certain public officers by

judicial proceedings.[7] The presiding judge subsequently forwarded the letter to Mr. Reyes, as

required by Utah Code Ann. § 77-6-4, noting that it was a taxpayer presentation prepared by Mr.

Simmler under Utah Code Ann. § 77-6-1.[8] The matter was then assigned to Mr. Downey, who is

or was a Special Agent in the Utah Attorney General's Office, for investigation.[9] Mr. Downey

---

[4] Plaintiff Christopher Simmler ("Mr. Simmler") filed a motion for oral argument on Defendants'
motion to dismiss. ECF No. 34. The court will issue a Memorandum Decision and Order
explaining the reasons for denying that motion.

[5] In reciting the background for Defendants' motion to dismiss, the court assumes all the
well-pleaded factual allegations in Mr. Simmler's complaint are true. *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009).

[6] ECF No. 3-2.

[7] ECF No. 3-1.

[8] ECF No. 3-3.

[9] ECF No. 3-4.

2

notified Mr. Simmler by both telephone and email that Mr. Downey was assigned to review the complaint.[10] Although, Mr. Simmler has not attached any resolution or response to his complaint about Mr. Gill to his complaint in this case, he implies that there was no response or resolution. At the same time, he implies that there was a resolution with which he disagrees.

Mr. Simmler, proceeding pro se, filed his original complaint in this action on January 7, 2020.[11] The crux of Mr. Simmler's complaint is that Defendants failed to remove Mr. Gill from office, which deprived Mr. Simmler of certain rights. Mr. Simmler alleges that he has the right to bring his claims because the shooting of Mr. Harmon occurred on the sidewalk in front of Mr. Simmler's Palmer Court residence, and Palmer Court is federally funded. In his complaint, Mr. Simmler bases his claims on 18 U.S.C. §§ 241 and 245, which are statutes that generally impose criminal penalties for violations of federal rights.

Defendants subsequently moved to dismiss Mr. Simmler's complaint under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).[12] In their motion, Defendants assert, among other things, that: (1) Mr. Simmler lacks standing to bring this action; (2) there is no private right of action under 18 U.S.C. §§ 241 and 245; and (3) Eleventh Amendment immunity bars Mr. Simmler's claims.

In his response to Defendants' motion to dismiss, Mr. Simmler opposes Defendants' arguments, but he also concedes that there is no private right of action under 18 U.S.C. §§ 241

---

[10] *Id.*

[11] ECF No. 3.

[12] ECF No. 17.

and 245.[13] Although he makes that concession, he also argues that because he is proceeding pro

se, the court should liberally construe those claims as being brought under 42 U.S.C. §§ 1983

and 1985. Mr. Simmler appears to assert that his §§ 1983 and 1985 claims are based upon

Defendants' deprivation of his rights under Title 77, Chapter 6 of the Utah Code.

In their reply, Defendants reiterate their arguments from their motion to dismiss

concerning standing and Eleventh Amendment immunity.[14] They also respond to Mr. Simmler's

§ 1983 argument by asserting that violations of state statutes are not proper bases for a § 1983

action. Defendants do not address Mr. Simmler's § 1985 argument in their reply.

## **LEGAL STANDARDS**

Defendants move to dismiss Mr. Simmler's complaint under Fed. R. Civ. P. 12(b)(1) for

lack of subject matter jurisdiction based, in part, on Eleventh Amendment immunity. "[A]n

assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the

district court" under Fed. R. Civ. P. 12(b)(1). *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.

2002). Subject matter jurisdiction is lacking when Eleventh Amendment immunity applies to

parties in a case. *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000). The party

seeking federal jurisdiction over his or her claim "has the burden to establish that it is proper, and

there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d

1130, 1134 (10th Cir. 2014) (quotations and citation omitted). Where, as here, a motion is made

pursuant to Fed. R. Civ. P. 12(b)(1) that constitutes a "facial" attack on the claims as pleaded, the

---

[13] ECF No. 26.

[14] ECF No. 29.

motion is reviewed applying the same standards as one made under Fed. R. Civ. P. 12(b)(6).

*Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

facially plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged" and indicates "more

than a sheer possibility that a defendant has acted unlawfully." *Id*. Threadbare recitals of

elements, facts "merely consistent with" liability, "labels and conclusions," or "unadorned, the-

defendant-unlawfully-harmed me accusation[s]" are insufficient. *Id*. (quotations and citations

omitted); *see also Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011); *Gee

v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010). In reviewing a Rule 12(b)(6) motion to

dismiss, the court assumes the truth of well-pleaded factual allegations and draws reasonable

inferences in a light most favorable to the plaintiff. *Leverington*, 643 F.3d at 723.

In analyzing Defendants' motion to dismiss, the court is mindful that Mr. Simmler is

proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed liberally

and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187

(10th Cir. 2003). However, the court also notes that it is not "the proper function of the district

court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.3d at 1110, and the

court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff

that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.

1989) (per curiam). Indeed, as the Court of Appeals for the Tenth Circuit stated:

> [t]he broad reading of [a pro se] plaintiff's complaint does not
> relieve the plaintiff of the burden of alleging sufficient facts on
> which a recognized legal claim could be based . . . . [C]onclusory
> allegations without supporting factual averments are insufficient to
> state a claim on which relief can be based. . . . This is so because a
> pro se plaintiff requires no special legal training to recount the
> facts surrounding his alleged injury, and he must provide such facts
> if the court is to determine whether he makes out a claim on which
> relief can be granted. Moreover, in analyzing the sufficiency of the
> plaintiff's complaint, the court need accept as true only the
> plaintiff's well-pleaded factual contentions, not his conclusory
> allegations.

*Bellmon*, 935 F.2d at 1110.

## ANALYSIS

This action should be dismissed because: (1) Eleventh Amendment immunity bars Mr.

Simmler's claims against Defendants; and, even if this court had jurisdiction, (2) Mr. Simmler's

complaint fails to state claims for relief under §§ 1983 and 1985. The court addresses each issue

in turn below. For the following reasons, the court recommends granting Defendants' motion to

dismiss and dismissing this action with prejudice.

## I.      Eleventh Amendment Immunity Bars Mr. Simmler's Claims Against Defendants.

The court lacks jurisdiction over this action because the Eleventh Amendment bars Mr.

Simmler's claims against Defendants. The Eleventh Amendment provides that "[t]he Judicial

power of the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State, or by

Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "With certain limited

exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal

court. . . . To assert Eleventh Amendment immunity, a defendant must qualify as a state or an

'arm' of a state." *Ruiz*, 299 F.3d at 1180 (citations omitted). When claims are asserted against a

state official in his or her "'official capacity,' [the state official] may also assert Eleventh

Amendment immunity as an 'arm' of the state." *Id.* (citation omitted). With respect to the limited

exceptions noted above, the Tenth Circuit has "recognized two primary circumstances in which a

citizen may sue a state without offending Eleventh Amendment immunity. Congress may

abrogate a state's Eleventh Amendment immunity . . . [or a] state may also waive its Eleventh

Amendment immunity and consent to be sued." *Id.* at 1181.

Here, the State of Utah is undoubtedly immune from suit under the Eleventh Amendment.

Additionally, because Mr. Simmler's allegations against Mr. Reyes and Mr. Downey all relate to

conduct undertaken in their capacities as state officials, Mr. Reyes and Mr. Downey are also

immune from suit under the Eleventh Amendment. *Malmstrom v. Utah Attorney Gen.'s Office,*

No. 1:18-CV-00013-PMW, 2019 WL 1114884, at *2 (D. Utah Mar. 11, 2019) (holding that the

Utah Attorney General's Office "is an arm of the State of Utah and is thus entitled to sovereign

immunity under the Eleventh Amendment").

Moreover, neither exception to Eleventh Amendment immunity applies here. The first

exception does not apply because Congress did not abrogate the states' Eleventh Amendment

immunity when it enacted section 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ellis v.*

*Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). The second exception is likewise

inapplicable because the State of Utah has not waived its Eleventh Amendment immunity. Utah

Code Ann. § 63G-7-501(1) (providing that Utah state district courts have exclusive, original

jurisdiction over any actions brought under the Governmental Immunity Act of Utah); *Sutton v.*

*Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) ("We have

previously held that Utah has not waived its Eleventh Amendment immunity by statute.").

Therefore, this action is barred under the Eleventh Amendment, and the court should dismiss it.[15]

## II.     Mr. Simmler Fails to State Claims Under §§ 1983 and 1985.

Even if the court liberally interprets Mr. Simmler's complaint to contain claims that it

does not textually include under §§ 1983 and 1985, they fail two reasons. First, a § 1983 claim

generally cannot be based upon the deprivation of rights under state statutes. Second, Mr.

Simmler fails to allege a necessary element for a § 1985 claim. Each reason for dismissing those

claims is discussed in order below.

### A.     Mr. Simmler Fails to State a Claim Under § 1983.

The court should dismiss Mr. Simmler's phantom § 1983 claim. "To state a claim under

[42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and

laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (alteration

in original) (quotations and citation omitted). Thus, a § 1983 claim must be based on an alleged

"violation of rights protected by the federal constitution or created by federal statute or

regulation." *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002). Generally, "a state's

violation of its own laws does not create a claim under § 1983." *Rector v. City and Cnty. of*

---

[15] Defendants also argue that the court lacks subject matter jurisdiction over this action because
Mr. Simmler has not established standing by alleging an injury-in-fact. It appears, however, that
Mr. Simmler may have standing to pursue a claim for a "procedural injury." *New Mexico v. Dep't
of Interior*, 854 F.3d 1207, 1215-17 (10th Cir. 2017). Nevertheless, even if Mr. Simmler's
complaint could be construed as alleging such an injury and establishing standing, that would not
save his claims from dismissal for the other reasons stated herein.

*Denver*, 348 F.3d 935, 947 (10th Cir. 2003). This includes both "violation[s] of police policies"

and "state statute[s]." *Williams v. Weber Morgan Strike Force*, 315 F. App'x 685, 689 (10th Cir.

2009). Here, Defendants correctly argue that Mr. Simmler has not alleged a colorable § 1983

claim as he relies on an alleged violation of his rights under Title 77, Chapter 6 of the Utah Code.

Therefore, his claim fails.[16]

### B.      Mr. Simmler Fails to State a Claim Under § 1985.

Mr. Simmler fails to plead a plausible claim of conspiracy. To state a claim under § 1985,

a plaintiff must allege that a conspiracy was motivated by a class-based, discriminatory animus.

*Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) ("A violation of section 1985 must include

class-based or racially discriminatory animus. . . . [I]n the absence of allegations of class[-]based

or racial discriminatory animus, the complaint fails to state a claim under § 1985." (second

alteration in original) (quotations and citations omitted)). Mr. Simmler neither includes any such

allegation nor could he. Accordingly, Mr. Simmler fails to state a conspiracy claim under §

1985.[17]

---

[16] One narrow exception exists to the rule against basing a § 1983 claim upon violations of rights under state statutes where there is a violation of "an interest created by state law" that "rises to the level of a 'liberty interest' protected by the Due Process Clause of the Fourteenth Amendment." *Montero v. Meyer*, 13 F.3d 1444, 1447 (10th Cir. 1994). A liberty interest is created by state statutes when they place "substantive limitations on official discretion." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989) (quotations and citation omitted). Although Mr. Simmler does not argue that this exception applies to his § 1983 claim, the court has considered the exception and concludes that it does not apply here because none of the sections of Title 77, Chapter 6 of the Utah Code provides any "substantive predicates" for decision-making or a required outcome if certain criteria have been met. *Id.* To the contrary, the relevant language of those sections provides that decision-making and outcomes are entirely discretionary on the part of the Utah Attorney General.

[17] The court recognizes that Defendants did not argue that Mr. Simmler failed to state a claim under § 1985. However, because Mr. Simmler was allowed to proceed in forma pauperis under

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss[18] be GRANTED and this action be DISMISSED WITH PREJUDICE.[19]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED February 12, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

28 U.S.C. § 1915, ECF No. 2, the court is required address that claim. 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that whenever a party is permitted to proceed in forma pauperis, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

[18] ECF No. 17.

[19] The court acknowledges that one of its grounds for dismissal—Eleventh Amendment Immunity—requires dismissal without prejudice. *See*, *e.g.*, *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) (noting that "Eleventh Amendment immunity is jurisdictional" and that, as a result, dismissal under the Eleventh Amendment should be without prejudice). However, because the court also concludes that, even if it had jurisdiction, Mr. Simmler fails to state claims upon which relief can be granted under Rule 12(b)(6), the court recommends dismissal with prejudice here.