IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CHRISTOPHER SIMMLER,**<br><br>Plaintiff,<br><br>v.<br><br>**SEAN D. REYES, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-01009-RJS-JCB<br><br>**Chief District Judge Robert J. Shelby**<br><br>**Magistrate Judge Jared C. Bennett** |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court are: (1) Defendants State of Utah, Sean D. Reyes, and Tyson Downey's (collectively, "Defendants") motion to strike a sur-reply filed by Plaintiff Christopher Simmler ("Mr. Simmler");[3] (2) Mr. Simmler's motion for leave to file a sur-reply;[4] and (3) Mr. Simmler's motion for oral argument on Defendants' motion to dismiss.[5] The court addresses the motions in turn below. Based upon the following analysis, Defendants' motion to strike Mr. Simmler's sur-reply is granted, Mr. Simmler's motion for leave

---

[1] ECF Nos. 5-6.

[2] ECF No. 21.

[3] ECF No. 31.

[4] ECF No. 35.

[5] ECF No. 34.

to file a sur-reply is denied, and Mr. Simmler's motion for oral argument on Defendants' motion to dismiss is denied.

## ANALYSIS

I.      **Defendants' Motion to Strike Mr. Simmler's Sur-Reply Is Granted.**

Where, as here, a defendant files motion to dismiss is filed under Fed. R. Civ. P. 12(b), the plaintiff is permitted to file a memorandum in opposition to the motion, and the defendant is allowed to file a reply memorandum.  DUCivR 7-1(b)(2)(A).  DUCivR 7-1(b)(2)(A) states that "[n]o additional memoranda will be considered without leave of court."

On September 17, 2020, after briefing on Defendants' motion to dismiss was complete, Mr. Simmler filed, without leave of court, a sur-reply on that motion.[6]  Defendants move to strike that sur-reply under DUCivR 7-1(b)(2)(A).

Given that Mr. Simmmler did not obtain leave of court prior to filing his sur-reply, the court must strike it.  This is true even though Mr. Simmler is proceeding pro se in this case, as he still must comply with all relevant procedural rules.  *See, e.g.*, *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'") (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).  Therefore, Defendants' motion to strike is granted.  The Clerk of the Court is ordered to strike Mr. Simmler's sur-reply.

---

[6] ECF No. 30.

## II.     Mr. Simmler's Motion for Leave to File a Sur-Reply Is Denied.

On October 13, 2020, presumably in response to Defendants' motion to strike, Mr. Simmler filed a motion for leave to file a sur-reply on Defendants' motion to dismiss. A sur-reply is typically appropriate only when new material is raised for the first time in a reply brief. *See, e.g.*, *Green v. N.M.*, 420 F.3d 1189, 1196 (10th Cir. 2005); *see also Locke v. Grady Cty.*, 437 F. App'x 626, 633 (10th Cir. 2011). Here, the court concludes that Mr. Simmler has not demonstrated that a sur-reply is appropriate. Although he makes the conclusory claim that Defendants' reply in support of their motion to dismiss contains new material, he ignores the fact that any such new material rebuts matters he raised in his opposition memorandum. Defendants were permitted to include that material in their reply. DUCivR 7-1(b)(2)(A) (providing that a reply memorandum in support of a motion to dismiss is "limited to rebuttal of matters raised in the memorandum in opposition"). For those reasons, Mr. Simmler's motion for leave to file a sur-reply is denied.

## III.    Mr. Simmler's Motion for Oral Argument Is Denied.

Mr. Simmler moves the court for oral argument on Defendants' motion to dismiss. For the following reasons, that motion is denied.

Under DUCivR 7-1(f), a request for oral argument on a motion will be granted only "on good cause shown." "Otherwise, motions are to be submitted to and will be determined by the court on the written memoranda of the parties." DUCivR 7-1(f). Here, Mr. Simmler contends that oral argument is necessary because he "cannot sufficiently exert his position and address

3

Defendants' points within the confines of written allowance and absence of oral disclosure."[7] However, other than making that conclusory statement, Mr. Simmler does not provide any argument as to why he is unable to sufficiently present his arguments by way of his written submissions. Furthermore, the court is not persuaded that oral argument would be beneficial to the court in deciding Defendants' motion to dismiss. Thus, the court concludes that Mr. Simmler has not demonstrated good cause to support his motion for oral argument and, therefore, that motion is denied.

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Defendants' motion to strike Mr. Simmler's sur-reply[8] is GRANTED. The Clerk of the Court is ordered to strike Mr. Simmler's sur-reply.[9]

2. Mr. Simmler's motion for leave to file a sur-reply on Defendants' motion to dismiss[10] is DENIED.

3. Mr. Simmler's motion for oral argument on Defendants' motion to dismiss[11] is DENIED.

---

[7] ECF No. 34 at 1.

[8] ECF No. 31.

[9] ECF No. 30.

[10] ECF No. 35.

[11] ECF No. 34.

IT IS SO ORDERED.

DATED February 12, 2021.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge