IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER SIMMLER,<br><br>Plaintiff,<br><br>v.<br><br>SEAN D. REYES, *et al.*,<br><br>Defendants. | **MEMORADUM DECISION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>Case No. 2:19-cv-1009-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Before the court is pro se Plaintiff Christopher Simmler's Objection[1] to Magistrate Judge Jared C. Bennett's Report and Recommendation,[2] in which Judge Bennett recommends granting Defendants State of Utah, Sean D. Reyes, and Tyson Downey's Motion to Dismiss[3] with prejudice. For the reasons stated below, Simmler's Objections are OVERRULED in part and SUSTAINED in part, the Report and Recommendation is ADOPTED in part, and Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.[4]

---

[1] Dkt. 43 (*Simmler's Objection*). Simmler also filed a second document docketed as an objection to the Report and Recommendation. Dkt. 48. In addition to being untimely, the court does not understand it to be an objection to the Report. It is the same Notice of Appeal Simmler filed in Dkt. 44, which the Tenth Circuit subsequently dismissed. Dkt. 49.

[2] Dkt. 37 (*Report*).

[3] Dkt. 17 (*Defendants' Motion*).

[4] Defendants move to dismiss Simmler's Complaint with prejudice. Although the court concludes both Simmler's claims should be dismissed, as explained below, dismissal with prejudice is only appropriate for one of the claims.

1

## BACKGROUND AND PROCEDURAL HISTORY[5]

This case arises out of Simmler's effort to remove Salt Lake County District Attorney Sim Gill from office under a provision of Utah law.[6] In October 2017, following the investigation of an officer-involved shooting outside Simmler's residence in Salt Lake City, Gill found the use of deadly force by a law enforcement officer was justified.[7] In January 2018, Simmler sent a letter to the presiding judge of the Utah Third District Court accusing Gill of wrongdoing in making the October 2017 finding and requesting Gill be removed from office under Title 77, Chapter 6 of the Utah Code, which governs removal of certain public officials by judicial proceedings.[8]

As required by Utah Code Ann. § 77-6-4, the presiding judge forwarded the letter to Defendant Reyes, noting it was a taxpayer presentation prepared by Simmler under Utah Code Ann. § 77-6-1.[9] The matter was assigned for investigation to Defendant Downey, a Special Agent in the Utah Attorney General's office.[10] Downey notified Simmler by both telephone and email he was assigned to review Simmler's complaint.[11] It is not clear from Simmler's filings in this court whether the issue went unresolved, or whether there was a resolution and Simmler simply disagrees with it.

Proceeding pro se, Simmler filed his Complaint in this court on January 7, 2020.[12] The

---

[5] The court accepts all well-pleaded factual allegations as true and views them in the light most favorable to Simmler. *See Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021).

[6] *See generally* Dkt. 3 (*Complaint*).

[7] Dkt. 3-2 (*Gill Report*).

[8] Dkt. 3-1 (*Simmler Letter*).

[9] Dkt. 3-3.

[10] Dkt. 3-4.

[11] *Id.*

[12] *Complaint.*

primary thrust of the Complaint is that Defendants deprived Simmler of certain rights under state law by failing to remove Gill from office.[13] Simmler alleges he has the right to bring his claims because the police shooting occurred on the sidewalk in front of his federally-funded residence.[14] Simmler originally based his claims on 18 U.S.C. §§ 241 and 245, which are statutes imposing criminal penalties for violations of federal rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Paul M. Warner[15] and subsequently reassigned to Magistrate Judge Bennett.[16]

In May 2020, Defendants moved to dismiss Simmler's Complaint with prejudice under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[17] Defendants argued dismissal is appropriate on several grounds: (1) Simmler lacks standing to bring this action, (2) there is no Constitutional right to an investigation or prosecution, (3) there is not a private right of action under 18 U.S.C. §§ 241 and 245, and (4) Simmler's claims are barred by sovereign immunity under the Eleventh Amendment.

Simmler opposed Defendants' Motion for dismissal, arguing Defendants' "interference with Plaintiff's constitutional right to exercise Utah State [sic] law is the cause for [sic] action in this federal proceeding."[18] Simmler conceded 18 U.S.C. §§ 241 and 245 do not provide a private right of action, but asserted, as a pro se litigant, the court should liberally construe his claims as arising under 42 U.S.C. §§ 1983 and 1985.[19] The purported bases for these claims appears to be

---

[13] *Id.* at 2.

[14] *Id.* at 4.

[15] Dkt. 6.

[16] Dkt. 21.

[17] *Defendants' Motion*.

[18] Dkt. 26 (*Simmler's Opposition*).

[19] *Id.* at 5.

Defendants' alleged conspiracy to deprive him of his rights under state law.

In their Reply, Defendants reiterated their arguments for dismissal concerning standing and Eleventh Amendment immunity.[20] They also argued Simmler failed to state a claim under § 1983 because violations of state statutes are not a proper basis for a § 1983 action.[21] Defendants did not address Simmler's § 1985 claim.

Judge Bennett agreed with Defendants' arguments. In a Report and Recommendation issued on February 12, 2021, he recommended dismissal of the action with prejudice.[22] Recognizing Simmler's status as a pro se litigant, Judge Bennett liberally construed Simmler's Complaint to assert claims under §§ 1983 and 1985 and determined the court lacked jurisdiction because Eleventh Amendment immunity bars Simmler's claims against Defendants.[23] He also found that, even if the court had jurisdiction, Simmler's Complaint failed to state a claim for relief under either statute.[24] Concerning the implied § 1983 claim, Judge Bennet found the claim failed because a § 1983 action generally cannot be based upon a deprivation of rights under state law.[25] And, considering the § 1985 claim, it too failed because Simmler did not to plead a necessary element of the claim.[26] As Judge Bennet explained, to state a claim under § 1985, a plaintiff must allege a conspiracy was motivated by class-based, discriminatory animus.[27] He concluded Simmler "neither includes any such allegation nor could he."[28] Judge Bennett

---

[20] Dkt. 29 (*Defendants' Reply*).

[21] *Id.* at 2.

[22] *Report* at 10.

[23] *Id.* at 6.

[24] *Id.*

[25] *Id.* at 8.

[26] *Id.*

[27] *Id* at 9.

[28] *Id.*

recognized Defendants did not argue Simmler failed to state a claim under § 1985, but since Simmler was proceeding in forma pauperis, he determined 28 U.S.C. § 1915(e)(2)(B)(ii) obligated him to address the claim nonetheless.[29]

After receiving an extension, Simmler filed an Objection on March 22, 2021.[30] The precise contours of his contentions are unclear, but with respect to the § 1983 claim he appears to assert Defendants deprived him of a purported constitutional right to exercise a state law.[31] Concerning the § 1985 claim, Simmler objects that Judge Bennett "overstepped his authority" in deciding the claim without Defendants arguing for its dismissal and that "[s]tate [s]overeignty does not preclude a 1985 [c]laim."[32] Additionally, Simmler asserts Judge Bennet's recommendation to dismiss the case with prejudice, as opposed to without, is improper.[33]

Having evaluated the relevant briefings and filings, the court now turns to the arguments.

## LEGAL STANDARDS

As discussed, Simmler is a pro se litigant. Pro se litigants are held to less stringent standards than parties formally represented by lawyers,[34] and their pleadings "are to be construed liberally."[35] Nevertheless, a litigant's pro se status "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[36] At the

---

[29] *Id.* n.17. The Report also informed the parties of their right to object to the Report within 14 days of service and instructed that a failure to do so may constitute a waiver of any objections upon subsequent review.

[30] *Simmler's Objection*.

[31] *Id.* at 1.

[32] *Id.* at 2.

[33] *Id.* at 4.

[34] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[35] *Id.*

[36] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (internal quotation and citation omitted).

pleading stage, a pro se plaintiff still has "the burden of alleging sufficient facts on which a recognized legal claim could be based."[37] And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [his] behalf."[38]

The standard of review for a magistrate judge's report and recommendation depends on the sufficiency of the objection. To qualify as a proper objection that triggers de novo review, the objection must be both timely—that is, made within fourteen days—and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[39] "Thus, de novo review is not required where a party advances objections to a magistrate judge's disposition that are either indecipherable or overly general."[40]

Under the Tenth Circuit's "firm waiver rule," if an objection is not timely and specific, then the objector has waived "review of both factual and legal questions."[41] A court may decline to apply the firm waiver rule "when the interests of justice so dictate"—for example, if "the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."[42] "[T]his court generally reviews unobjected-to portions of a report and recommendation for clear error."[43]

---

[37] *Hall*, 935 F.2d at 1110.

[38] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *see also Lankford v. Wagner*, 853 F.3d 1119, 1122 (10th Cir. 2017) (recognizing it is not the court's role to act as a pro se litigant's attorney "in constructing arguments and searching the record") (internal quotation marks and citation omitted).

[39] *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[40] *Tracy v. Simplifi Co.*, No. 2:21-cv-00444-RJS-CMR, 2022 WL 887294, at *3 (D. Utah Mar. 25, 2022) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

[41] *One Parcel of Real Prop.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[42] *Moore*, 950 F.2d at 659.

[43] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) and Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

The standards for motions to dismiss under Rule 12(b)(1) and 12(b)(6) are also relevant, as Judge Bennett's Report evaluated Simmler's Complaint under both frameworks.[44] A Rule 12(b)(1) motion can be made on the ground that a plaintiff fails to "allege in its pleading the facts essential to show jurisdiction and . . . [] support [those facts] by competent proof."[45] It "requires a court to 'address jurisdiction issues at the beginning of [the] case and, if jurisdiction is lacking, dismiss the case immediately.'"[46] Importantly, it is the plaintiff's burden to establish that the court has subject matter jurisdiction over his claims.[47] Where, as Judge Bennett concluded was applicable here,[48] a Rule 12(b)(1) motion constitutes a "facial" attack on the claims as pleaded, the motion is reviewed applying the same standards as one made under Rule 12(b)(6).[49]

Whereas a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, a motion under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the plaintiff's complaint.[50] To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[51] "While a complaint need not recite 'detailed factual allegations,' 'a plaintiff's obligation to provide the

---

[44] *Report* at 4–5.

[45] *United States ex rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992) (internal quotation marks and citations omitted).

[46] *Shelton v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-103, 2018 WL 456200, at *1 (D. Utah Jan. 17, 2018) (quoting *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004)).

[47] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

[48] *Report* at 4–5.

[49] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *see also Kerr v. Polis*, 20 F.4th 686, 700 (10th Cir. 2021) (explaining when determination of jurisdictional issue "goes to the merits [the court] should treat the motion to dismiss under Rule 12(b)(6) rather than Rule 12(b)(1)").

[50] *Compare* Fed. R. Civ. P. 12(b)(1), *with* Fed. R. Civ. P. 12(b)(6).

[51] *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021).

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"[52]

## ANALYSIS

The court reviews Judge Bennett's Report in two steps. First, the court will review de novo the conclusions to which Simmler has timely and specifically objected. Second, the court will review the remainder for clear error.

### I. De Novo Review of Specific Objections

Though Simmler's Objection is largely indecipherable, overly general, and otherwise incoherent, construed liberally, the court understands Simmler to raise four specific objections: (1) he disagrees with Judge Bennett about the right his § 1983 claim is predicated on; (2) he contends Judge Bennett exceeded his authority by addressing the § 1985 claim when Defendants did not expressly argue for its dismissal; (3) he objects to Judge Bennett's finding that Eleventh Amendment immunity bars his § 1985 claim; and (4) he asserts, if his claims are dismissed, they should be dismissed without prejudice. The court addresses each objection in turn.

#### A. *Simmler's § 1983 Claim*

First, Simmler attempts to clarify the basis for his § 1983 claim. In response to Judge Bennett's determination that Simmler "has not alleged a colorable § 1983 claim as he relies on an alleged violation of his rights under" Utah law,[53] Simmler asserts Defendants deprived him of his constitutional right to exercise state law.[54]

This clarification does not save Simmler's § 1983 claim because no such constitutional right exists. As Judge Bennett correctly set forth, "[t]o state a claim under [42 U.S.C.] § 1983, a

---

[52] *Id.* (brackets omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[53] *Report* at 9.

[54] *Simmler's Objection* at 1.

plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[55] A § 1983 claim must be based on an alleged "violation of rights protected by the federal constitution or created by federal statute or regulation."[56] "It is well established . . . that a state's violation of its own laws does not create a claim under § 1983."[57] A state's execution of its own law, or policies implemented pursuant to that law, "is purely a matter of state law and cannot be maintained as an action under § 1983."[58]

Simmler's § 1983 claim is squarely foreclosed by this binding caselaw. Simmler's Complaint centers on the alleged failure of Defendants to properly carry-out a particular state law. The statute at issue may give Simmler certain rights under that state law, but the exercise of those rights is purely a matter of state law. He has no constitutional right to the statute's execution, enforcement, or implementation.

Going beyond what the court is required to do when liberally construing a pro se litigant's claim, Simmler's § 1983 claim would still fail even if he asserted Defendants' execution of the law violated his substantive or procedural due process rights under the Fourteenth Amendment. In *Doyle v. Oklahoma Bar Association*, the Tenth Circuit affirmed the dismissal of a § 1983 claim hinging on a state bar association's alleged failure to investigate and discipline an attorney.[59] In that case, the plaintiff argued the Constitution imposed a duty on

---

[55] *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (quotations and citation omitted).

[56] *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002).

[57] *Rector v. City and Cnty. of Denver*, 348 F.3d 935, 947 (10th Cir. 2003) (citing *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001) and *Davis v. Scherer*, 468 U.S. 183, 194–96 (1984)).

[58] *Id.* (citation omitted). *See also Davis*, 468 U.S. at 194–96 (holding state violation of state law or ordinance cannot form the basis of § 1983 liability).

[59] 998 F.2d 1559 (10th Cir. 1993).

defendants "to do various things *for* him . . . or *to* someone else" based on state rules governing attorney conduct.[60]  The Circuit held "[s]ubstantive due process rights do not remotely relate to such claims."[61]  "Substantive due process rights do not encompass a right to compel a state to do something *for* someone" and "[i]t hardly merits mentioning because it is so obvious, that the same is true with respect to a claim that the state ought to do something *to* someone else."[62]

The Circuit further held grounding the § 1983 claim on a violation of plaintiff's procedural due process rights was similarly unavailing.  A procedural due process violation requires a plaintiff possess a liberty or property interest, which a state can create by "placing substantive limitations on official discretion."[63]  But this limitation requires a state govern official decisionmaking "by mandating the outcome to be reached upon a finding that the relevant criteria have been met."[64]  "An abstract desire or unilateral hope do not establish a protected interest."[65]  The state bar's rules did not create a property interest because no outcome was mandated and officials retained discretion in deciding to investigate, charge, and discipline an attorney.[66]  "The fact that [plaintiff] filed a grievance guaranteed him nothing under state law by way of a certain *outcome* with respect to the discipline or lack of discipline of another person."[67]

---

[60] *Id.* at 1568 (emphasis in original).

[61] *Id.*

[62] *Id.* at 1568–69 (citations omitted).

[63] *Id.* at 1569 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).

[64] *Id.* at 1570 (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 459 (1989)) (emphasis removed).

[65] *Id.* at 1569.

[66] *Id.* at 1570.

[67] *Id.* (emphasis in original).

The same conclusion follows here.  As discussed above, Simmler has no constitutional right to the execution or exercise of the state law at issue in this case.  Further, Defendants' conduct did not violate Simmler's substantive or procedural due process rights.  He does not have a right under the Fourteenth Amendment to compel state officials to do something for him or to someone else.  Nor does the state law in this case create a liberty or property interest.  The law permits Simmler to file a grievance but affords public officials considerable discretion in determining the appropriate course of action following receipt of that grievance.

Accordingly, Judge Bennett correctly concluded Simmler failed to state a colorable claim under § 1983.  Simmler's objection is overruled.

### B. *Scope of Judge Bennett's Authority*

Simmler next objects to Judge Bennett's recommendation to dismiss Simmler's § 1985 claim, arguing Judge Bennet "overstepped his authority" in reaching the claim because Defendants did not specifically argue for its dismissal.[68]  Judge Bennet recognized this but noted that because Simmler was allowed to proceed in forma pauperis, he was required to address the claim.[69]  Judge Bennett is correct and did not exceed his authority.

The court must dismiss sua sponte a complaint filed by a plaintiff proceeding in forma pauperis if the court determines it "fails to state a claim on which relief may be granted."[70]  The law not only permits Judge Bennett to consider on his own initiative whether Simmler properly stated a claim under § 1985, but affirmatively requires him to do so.  Judge Bennett's

---

[68] Defendants raised several general arguments for dismissal that applied broadly to the entire Complaint and, as Judge Bennett concluded, support its dismissal.  That said, the court acknowledges Defendants did not specifically address a potential § 1985 claim in their Reply brief but observes Simmler did not originally plead that claim.  The bases for the claims in his Complaint were not actionable.  The only reason the court now discusses § 1983 and § 1985 is because of the substantial leniency Simmler has been afforded as a pro se litigant.

[69] *Report* at 9 n.17.

[70] 28 U.S.C. § 1915(e)(2)(B)(ii); *Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012).

11

Recommendation was a proper exercise of his authority. The court does not understand Simmler to raise specific objections to the merits of Judge Bennett's determination.

Simmler's objection to the scope of Judge Bennett's authority is overruled.

### C. *Eleventh Amendment Immunity and § 1985*

Next, although Judge Bennett concluded the entirety of Simmler's Complaint is barred by Eleventh Amendment immunity, Simmler only specifically objects to the portion of that determination pertaining to § 1985. Simmler asserts, "State [s]overeignty does not preclude a 1985 [c]laim, otherwise the South might rise again needing only robes and attorneys general."[71] Simmler's public policy rationale is unaccompanied by any legal basis supporting such an exception to Eleventh Amendment immunity for § 1985 claims and the court cannot find one.

As Judge Bennett correctly set forth, "[w]ith certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing a suit against a state in federal court."[72] Eleventh Amendment immunity applies to a state, an arm of a state, or state officials sued in their official capacity.[73] Here, the State of Utah is immune from suit under the Eleventh Amendment. Further, Simmler's allegations against the other Defendants—Reyes and Downey—relate to

---

[71] *Simmler's Objection* at 2.

[72] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1231-32 (10th Cir. 1999)).

[73] *Id.*

conduct undertaken in their official capacities as state officials in the Utah Attorney General's Office.[74] They are also immune from suit under the Eleventh Amendment.[75]

Concerning the limited exceptions in which a citizen may sue a state, the Tenth Circuit has recognized two primary circumstances: (1) "Congress may abrogate a state's Eleventh Amendment immunity,"[76] and (2) "[a] state may also waive its Eleventh Amendment immunity and consent to be sued."[77] Neither apply in this case. "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'"[78] The Supreme Court has held Congress did not abrogate the states' Eleventh Amendment immunity when it enacted § 1983,[79] and the Tenth Circuit has found a similar lack of intent in the enactment of § 1985.[80]

---

[74] In his Objection, Simmler asserts he "named Defendant Downey in his capacity as in [sic] individual." *Simmler's Objection* at 2. Even assuming this is correct (and it is not clear that it is), Judge Bennett did not err and it does not change the outcome. A § 1985 claim "generally describes a conspiracy of two or more persons for the purpose of depriving of another of equal protection of the laws or equal privilege and immunities under the laws." *Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990). A plausible claim "must include class-based or racially discriminatory animus." *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Absent such allegations, "the complaint fails to state a claim under § 1985." *Id.* (citation and quotation omitted). As Judge Bennett correctly determined in dismissing Simmler's § 1985 claim, Simmler does not allege class-based discriminatory animus. Accordingly, even if Simmler sued Downey in his individual capacity, the claim does not survive.

[75] *See Malstrom v. Utah Att'y Gen. Office*, No. 1:18-cv-00013, 2019 WL 1114884, at *2 (D. Utah Mar. 11, 2019) ("The [Utah Attorney General's] Office is an arm of the State of Utah and is thus entitled to sovereign immunity under the Eleventh Amendment."); *Johnson v. Salt Lake Cmty. Coll.*, No. 2:11-cv-00231, 2011 WL 2636840, at *2 (D. Utah June 2, 2011) (finding "[a]s governmental entities of the State of Utah," the Utah Attorney General's Office is entitled to sovereign immunity under the Eleventh Amendment).

[76] *Id.* at 1181 (citing *Seminole Tribe v. Florida.*, 517 U.S. 44, 55 (1996)).

[77] *Id.* (citing *Idaho v. Coeur d'Alene*, 521 U.S. 261, 267 (1997)).

[78] *Seminole Tribe*, 517 U.S. at 55 (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786 (1991)).

[79] *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

[80] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (holding a suit against Kansas and its state agencies under §§ 1981, 1983, and 1985 was barred by Eleventh Amendment immunity because "Congress has not abrogated that immunity").

The second exception is also inapplicable because the State of Utah has not waived its Eleventh Amendment immunity.[81]

Accordingly, Judge Bennett correctly determined Simmler's claim under § 1985 is barred by Eleventh Amendment immunity.  Simmler's objection is overruled.

### D. *Dismissal With Prejudice*

Lastly, Simmler objects to Judge Bennett's recommendation that Simmler's claims be dismissed with prejudice.  Simmler argues any dismissal should be without prejudice as an amended complaint could remedy the deficiencies.[82]  Judge Bennett acknowledged one of the grounds for dismissal, Eleventh Amendment immunity, requires dismissal without prejudice because it is jurisdictional.[83]  However, because he also found that, even if the court had jurisdiction, Simmler fails to state claims upon which relief can be granted under Rule 12(b)(6), Judge Bennett determined dismissal with prejudice is appropriate.[84]  The court agrees dismissal with prejudice of Simmler's § 1983 claim is appropriate, but disagrees with respect to Simmler's § 1985 claim.

Typically, dismissal of a pro se litigant's complaint under Rule 12(b)(6) is without prejudice.[85]  Dismissal with prejudice "of a pro se complaint for failure to state a claim is proper

---

[81] Utah Code Ann. § 63G-7-501(1) (providing Utah state district courts have exclusive, original jurisdiction over any actions brought under the Governmental Immunity Act of Utah); *Sutton*, 173 F.3d at 1233 ("We have previously held that Utah has not waived its Eleventh Amendment immunity by statute.").

[82] *Simmler's Objection* at 4.

[83] *Report* at 10 n.19 (citing *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017).

[84] *Id.*

[85] *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (explaining the "permissive standard" afforded pro se pleadings and noting if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend") (quoting 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, Civil 2d § 1483 (West 1990)).

only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[86]

For the reasons discussed above, dismissal with prejudice of Simmler's § 1983 claim is appropriate. His claim is based on the alleged failure of state officials to properly execute state law. No rights under the Constitution or federal law are implicated. Accordingly, Simmler "cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[87] Judge Bennett's recommendation to dismiss Simmler's § 1983 claim with prejudice is correct.

However, the court determines Simmler's § 1985 claim should be dismissed without prejudice. Judge Bennett correctly stated that, under § 1985, "a plaintiff must allege that a conspiracy was motivated by a class-based, discriminatory animus."[88] He concludes dismissal with prejudice is appropriate because Simmler "neither includes any such allegation nor could he."[89] The court agrees Simmler does not plausibly allege this element of his § 1985 claim—indeed, he likely fails to plausibly allege any of the requisite elements of the claim. Notwithstanding, the court cannot conclude from Simmler's Complaint that he could not correct the defects in his pleading to plausibly state a claim for relief under § 1985.

Accordingly, Simmler's objection concerning Judge Bennett's recommendation to dismiss Simmler's claims with prejudice is overruled in part and sustained in part. In accordance with Federal Rule of Civil Procedure 15, Simmler may file a motion seeking leave to amend his pleading as it pertains to his § 1985 claim against Defendants in their individual capacity.

---

[86] *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)).

[87] *Id.*

[88] *Report* at 9 (citing *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994)).

[89] *Id.*

## II. The Remainder of the Report

Having addressed Simmler's specific objections, the court now turns to the remainder of the Report, which it reviews for clear error. After careful consideration, the court finds no clear error in any of Judge Bennett's unobjected-to conclusions.

## CONCLUSION

For the reasons stated above, Simmler's Objection[90] to Judge Bennett's Report and Recommendation[91] is OVERRULED in part and SUSTAINED in part. The court adopts Judge Bennett's recommendation that Defendants' Motion to Dismiss[92] Simmler's § 1983 claim with prejudice be granted. The court further adopts Judge Bennett's recommendation that Defendants' Motion to Dismiss Simmler's § 1985 claim be granted but as explained above, grants dismissal without prejudice. Accordingly, Defendants' Motion to Dismiss Simmler's § 1983 claim is GRANTED WITH PREJUDICE. The Motion to Dismiss Simmler's § 1985 claim is GRANTED WITHOUT PREJUDICE to Simmler seeking leave to amend his pleading. Simmler may file a motion for leave to amend his pleading within 30 days of the entry of this Order. Failure to do so within that time will result in the court directing the Clerk of Court to close the case.

SO ORDERED this 17th day of May 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[90] Dkt. 43.
[91] Dkt. 37.
[92] Dkt. 17.